STATE of Minnesota, Respondent,

v.

Glenn Kevin HAZLEY, Appellant.

A16-1988

Court of Appeals of Minnesota.

Filed August 28, 2017

Lori Swanson, Attorney General, St. Paul, Minnesota; and Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, Minnesota (for respondent).

Cathryn Middlebrook, Chief Appellate Public Defender, Anders J. Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant).

Considered and decided by Kirk, Presiding Judge; Rodenberg, Judge; and Florey, Judge.

## OPINION

RODENBERG, Judge

Appellant was convicted of third-degree burglary following a court trial. He argues that he is entitled to a new trial because his appearance in jail clothes during trial violated his due-process right to a fair trial under the Fourteenth Amendment to the United States Constitution and violated Minnesota Rule of Criminal Procedure 26.03, subdivision 2(b). We affirm.

## FACTS

Appellant was charged with third-degree burglary after he was discovered in a restricted area of a Macy's store placing merchandise for which he had not paid in a garbage bag. The day before his trial was scheduled to begin, the district court told appellant that he would "have to be out of [his] jail clothes" during the scheduled jury trial. The next day, appellant waived his right to a jury trial.

The case was tried to the court the following day. Without objection or explanation on the record, appellant appeared at trial wearing identifiable jail clothes. Following the presentation of evidence and on review of written arguments by the par-

ties, the district court found appellant guilty of third-degree burglary.

This appeal followed.

## ISSUE

Was it reversible error for the district court to permit appellant to wear jail clothes during a court trial?

## ANALYSIS

 "The right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment." *Estelle v. Williams*, 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126 (1976); *see also* U.S. Const. amend. XIV, § 1 ("[N]or shall any State deprive any person of life, liberty, or property, without due process of law....."). The right to a fair trial includes a presumption of innocence in favor of the accused. *Estelle*, 425 U.S. at 503, 96 S.Ct. at 1692. An accused should not be compelled to attend trial wearing prison or jail clothing because of the possible impairment of the presumption of innocence. *Id.* at 504, 96 S.Ct. at 1693. Therefore, "compelling" a defendant to wear jail clothes at trial is a due-process violation. *State v. Lehman*, 749 N.W.2d 76, 84-85 (Minn.App. 2008), *review denied* (Minn. Aug. 5, 2008). We review de novo whether a defendant has been denied due process of law. *State v. Krause*, 817 N.W.2d 136, 144 (Minn. 2012); *State v. Dorsey*, 701 N.W.2d 238, 249 (Minn. 2005).

Because appellant did not raise the issue of his attire to the district court, we review for plain error. Minn. R. Crim. P. 31.02; *State v. Beaulieu*, 859 N.W.2d 275, 278 (Minn. 2015) ("A constitutional right, or a right of any other sort, may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." (alteration omitted) (quotation omitted)). "The plain error standard re-

quires that the defendant show: (1) error; (2) that was plain; and (3) that affected substantial rights." *State v. Strommen*, 648 N.W.2d 681, 686 (Minn. 2002). The third element is satisfied if there is a reasonable likelihood that the error "had a significant effect on the verdict." *State v. Griller*, 583 N.W.2d 736, 741 (Minn. 1998) (quotation omitted). "If the defendant fails to establish that the claimed error affected his substantial rights, we need not consider the other plain error factors." *State v. Matthews*, 800 N.W.2d 629, 634 (Minn. 2011).

In *Estelle*, the United States Supreme Court recognized that a state violates a defendant's right to a fair trial under the Fourteenth Amendment if it compels the defendant to wear jail clothes at trial. 425 U.S. at 512, 96 S.Ct. at 1697. The Supreme Court explained that a defendant must object to being tried in jail clothes, or otherwise raise the issue to the trial court, in order to establish a constitutional violation. *Id.* at 512-13, 96 S.Ct. at 1697. The Supreme Court noted that a defendant may, for strategic or tactical purposes, choose to wear jail clothes instead of street clothes, and a district court would not be required to inquire about that choice ·or seek a waiver from the defendant concerning the choice to forego street clothing. *Id.* at 512, 96 S.Ct. at 1697. The wearing of jail attire is not a constitutional issue; it is only when a defendant is *compelled* to wear jail clothes that his due-process rights have been violated. *Id.*

In *Lehman*, we considered whether a district court violated the defendant's right to a fair trial when it required the defendant to wear jail clothes after the defendant attacked his attorney in front of the jury. 749 N.W.2d at 85. We recognized that a defendant should not wear jail clothes at a jury trial; doing so would inform the jury that the defendant is in custody, which could influence jury deliberations. *Id.* at 84-85. Because the jury in *Lehman* already knew that the defendant was in custody— they had witnessed the defendant being taken into custody following the attack— we held that the district court's requirement that the defendant wear jail clothes was harmless beyond a reasonable doubt. *Id.* at 85.

Here, the district court did not compel appellant to wear jail clothes at trial. Before the anticipated jury trial, which appellant later waived, the district court specifically instructed appellant that he would need to wear street clothes during trial.[1] Appellant then appeared at the court trial wearing jail clothes. Appellant did not object to his clothing and did not explain on the record why he appeared in jail clothes rather than street clothes. On the record before us, we discern no action by the state or by the district court that required or compelled appellant to wear jail clothes at trial. Appellant's Fourteenth Amendment rights were not violated by the district court's decision to proceed with trial when appellant made no objection to or explanation of his appearance at trial in identifiable jail clothes. *Cf. Estelle*, 425 U.S. at 512-13, 96 S.Ct. at 1697 (finding no due-process violation where a defendant did not object to wearing prison clothes at trial).

█ We note that, although appellant's presence at trial in jail clothing did not violate his constitutional rights, the Minnesota Rules of Criminal Procedure require that "[d]uring trial, an incarcerated defendant or witness must not appear in court

---

1. The district court told appellant before the anticipated jury trial that appellant would "have to" be out of jail clothing for the trial.

Appellant makes no argument on appeal that this statement was either erroneous or prejudicial.

in the distinctive attire of a prisoner." Minn. R. Crim. P. 26.03, subd. 2(b). The rule does not distinguish between a jury trial and a court trial. *State v. Carpenter*, 893 N.W.2d 380, 384 (Minn.App. 2017) ("Minnesota Rule of Criminal Procedure 26.03 ... draws no distinction between court and jury trials."). A defendant may waive the right to attend trial in street clothes by refusing to wear them. Minn. R. Crim. P. 26 cmt. ("A defendant's refusal to wear non-jail attire waives the provision in Rule 26.03, subd. 2 ... and is not grounds for delaying the trial."). But a defendant should be afforded the opportunity to wear street clothes at a court trial. Rule 26.03, subdivision 2, applies even where the district court judge in a court trial is aware of the defendant's in-custody status. Here, the record does not reveal that appellant refused to wear street clothes.

But even if there was a rule violation, we see no reversible error. The United States Supreme Court has observed that a defendant is not always prejudiced by wearing jail clothes if his in-custody status is known by the fact-finder. *Estelle*, 425 U.S. at 507, 96 S.Ct. at 1694; *see also Lehman*, 749 N.W.2d at 85 (citing *Estelle* and holding that a defendant was not prejudiced by wearing jail attire when the jury knew from courtroom occurrences that the defendant was in custody). The district court judge before whom appellant's case was tried was the same judge who, two days earlier, informed appellant of his right to appear at trial in street clothes. The judge knew that appellant was in custody. Absent some showing that, despite this knowledge of appellant's in-custody status, the violation of rule 26.03, subdivision 2(b), influenced or impaired the district court judge's impartiality, we conclude that the rule violation did not have a significant effect on the verdict because the record reveals no possibility that appellant's attire made any difference to the fact-finder. *See*

*Matthews*, 800 N.W.2d at 634 (concluding that defendant was not entitled to a new trial where the defendant failed to establish that the claimed errors significantly affected the verdict).

## DECISION

■ Appellant essentially asks us to create a per se rule invalidating all convictions where a defendant appears at a court trial wearing identifiable jail clothes. We decline to do so. A defendant must be afforded an opportunity to wear street clothes at a court trial. But a defendant's appearance at trial in jail clothes, without explanation or objection on the record, is not reversible error.

**Affirmed.**